UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM S. PHILPOTT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:21-cv-00274 |
| VIRGINIA DEPARTMENT OF TRANSPORTATION ("VDOT")/COMMONWEALTH OF VIRGINIA, | ) By: Elizabeth K. Dillon <br> ) United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is plaintiff's objection to the magistrate judge's order dated February 2, 2022. (Dkt. No. 46.) The order relates to subpoenas issued by plaintiff to four current and former employees of the defendant, Virginia Department of Transportation (VDOT).

Following briefing and a hearing and for the following reasons, plaintiff's objection will be overruled and the magistrate judge's ruling affirmed.

I.  BACKGROUND

Plaintiff alleges that he was terminated and subjected to a hostile work environment because of his race. The theory of his case is that a group of VDOT employees did not want to have a black supervisor, so they conspired to have him terminated. Plaintiff had been a long-time VDOT employee (40 plus years) and was being moved from the Hanging Rock Area Headquarters to the Southwest AHQ in the summer of 2019.

Plaintiff issued subpoenas to VDOT employees Brant St. Clair, Daniel Matheny, VDOT supervisor David Matthew Hinkley, and retired VDOT supervisor Raymond Lowe. The

subpoenas seek seven categories of information, primarily social media content, dating back to January 1, 2014.

VDOT filed a motion to quash. (Dkt. No. 25.) Judge Ballou construed the motion to quash as a motion for protective order. (Dkt. No. 38.) Judge Ballou ordered that the non-parties to whom the subpoenas are addressed must preserve, maintain, and not destroy all electronically stored information, social media information and all other documents sought by the subpoenas throughout the pendency of this litigation. (*Id.*) Judge Ballou also took the motion, that he construed as a protective order, under advisement "to permit Plaintiff to establish that the discovery sought from each non-party recipient of the subpoena duces tecum at issue is relevant to Plaintiff's claims of hostile work environment and race discrimination as set forth in the Complaint." (*Id.*)

Then, on February 2, 2022, Judge Ballou found that plaintiff "has not established a sufficient connection between these individual non-parties and the adverse employment actions at issue to warrant broad production of the non-parties' entire social media accounts, text messages, instant messages, letters, and phone records." (Dkt. No. 45.) Thus, the magistrate judge granted the motion for protective order. (*Id.*)

## II. ANALYSIS

### A. Standard of Review

To seek review of a magistrate judge's order on a referred nondispositive matter, a party must object to the order within fourteen days. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). The district court must consider any timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). A district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion based on the evidence" or to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010). Instead, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019). An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Montgomery v. Crothall Healthcare, Inc.*, Civil Action No. RDB-20-1154, 2022 WL 798692, at *2 (D. Md. Mar. 16, 2022).

A magistrate judge's resolution of a discovery dispute is typically afforded substantial deference. *See Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2019). The objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling in a discovery matter. *See id.*; 12 Wright & Miller, Fed. Practice & Procedure Civil § 3069 (3d ed. 2019) (explaining that review of a magistrate's discovery ruling "might better be characterized as suitable for an abuse-of-discretion analysis").

**B. Scope of Discovery**

As noted above, the magistrate judge construed VDOT's motion to quash as a motion for protective order. (Dkt. No. 38.) In so doing, the magistrate cited Federal Rule of Civil Procedure 26(b)(2)(C). (*Id.*) This section of Rule 26 provides:

> (C) *When Required.* On motion or *on its own*, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

3

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

(Emphasis added). Rule 26(b)(1), referenced in Rule 26(b)(2)(C)(iii), sets forth the scope of discovery and its limits. Thus, Rule 26(b)(2)(C) allows the court, on its own motion, to take a proactive role in the limitation of ongoing discovery. *See King v. Travelers Home & Marine Ins. Co.*, Civil Action No. 4:20-cv-03806-RMG, 2022 WL 100234, at *2 (D.S.C. Jan. 10, 2022) (explaining that a court "may on its own initiative or in response to a motion for protective order under Rule 26(c), limit discovery if it concludes that a limitation under Rule 26(b)(2)(C) applies") (citing *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004)). The court's role is set forth by the Advisory Committee Notes.

> The relationship between Rule 26(b)(1) and (2) was further addressed by an amendment made in 2000 that added a new sentence at the end of (b)(1): All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii) [now Rule 26(b)(2)(C)]. The Committee Note recognized that "[t]hese limitations apply to discovery that is otherwise within the scope of subdivision (b)(1)." It explained that the Committee had been told repeatedly that courts were not using these limitations as originally intended. "This otherwise redundant cross-reference has been added to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery."

Fed. R. Civ. P. 26 Advisory Committee Notes, 2015 Amendment.

Plaintiff objects that the subpoenas are not as broad as the magistrate judge construed them to be. Paragraph 7 of the subpoena's Schedule A asks for the following: "Produce all photographs, videos, communications and other documents depicting or concerning the rebel flag, KKK, videos, communications and other documents depicting or concerning the rebel flag,

4

KKK, Proud Boys, Q-Anon, and any other racial hate group, for the period January 1, 2014, until the present." (Dkt. No. 26-2.)  Plaintiff argues that this is unquestionably not overbroad and will lead to the discovery of relevant evidence.  Plaintiff also cites paragraph 4 of Schedule A, which seeks posts made by the perpetrators about each other and plaintiff, from January 1, 2014, until the present.  (*Id.*)  Plaintiff argues that this aspect is narrowly tailored to only six persons and is unquestionably discoverable and relevant.  Plaintiff notes that there is evidence that the document custodians were working together to bring about plaintiff's termination.[1]

Plaintiff objects to the magistrate judge's characterization of the subpoenas as being too broad.  The court construes the magistrate's analysis as grounded in relevance.  Put simply, as the magistrate judge explained, plaintiff has not connected the large amount of information requested in the subpoenas to the claims in this case.  *See, e.g.*, *Orchestrate HR, Inc. v. Blue Cross Blue Shield of Kansas, Inc.*, Case No. 19-cv-4007-HLT-TJJ, 2021 WL 1397127, at *3 (D. Kan. Apr. 12, 2021) ("[W]hen the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.").  Moreover, plaintiff's argument that the subpoenas are somehow narrowly tailored in light of paragraphs 4 and 7, discussed above, is essentially meaningless when the court considers paragraph 1, which requests the production of "all posts and other communications posted or otherwise made by you on any Facebook, Twitter, Instagram, Snapchat, TikTok, or other social media account or page, or made by any other party on any Facebook, Twitter, Instagram, Snapchat, or other social media account owned by you, for the period January 1, 2014 until the present."  (Subpoena Attachment A, paragraph 1, Dkt. No. 26-2.)  The information requested in

---

[1] The subpoenas request seven broad categories of information.  Aside from paragraphs 4 and 7, counsel for plaintiff did not account for the broadness of the remaining categories at the hearing.

paragraphs 4 and 7 is subsumed by the information requested in paragraph 1. Even if the court were to strike paragraph 1, the subpoenas would still demand the production of large swaths of irrelevant information because they request production starting on January 1, 2014, to the present, when the relevant events of this lawsuit occurred in 2019.

The magistrate judge's refusal to allow such a wide-ranging production is consonant with the court's role in managing discovery and is not clearly erroneous or contrary to law.

### III.  CONCLUSION

For the reasons stated herein, it is HEREBY ORDERED that plaintiff's objections (Dkt. No. 46) are OVERRULED and the magistrate judge's order (Dkt. No. 45) is AFFIRMED. The clerk of court is directed to provide a copy of the memorandum opinion and order to all counsel of record.

Entered: August 15, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge